# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSEPHINE GUION,           )<br>                              )<br>     Plaintiff,           )<br>                              )<br>v.                            )<br>                              )<br>SHOOT THE MOON, LLC DBA CHILI'S )<br>RESTAURANT,                   )<br>                              )<br>     Defendant.           )<br>                              )<br>_____) | Case No. CV-10-174-N-BLW<br><br>**MEMORANDUM<br>DECISION AND ORDER** |

Before the Court is a Motion to Quash for Insufficient Service of Process (Docket No. 10).  The Court has reviewed the motion and supporting documentation.  For the following reasons, the Court now enters the following order granting the motion, and ordering service by the United States Marshal.

## BACKGROUND

Pro se Plaintiff Josephine Guion is proceeding in forma pauperis in a Title VII employment discrimination suit against her employer, Shoot the Moon LLC, d.b.a. Chili's Restaurant..  Plaintiff served a copy of the summons and complaint on Defendant on April 2, 2010.  *See* Ex. A, *Defendant's Affidavit of Counsel in*

*Support of Motion*, (Docket No. 10).  Defendant moves to quash Plaintiff's service as insufficient under the Federal Rules of Civil Procedure.

## DISCUSSION

**A.    Insufficient Service**

Where a defendant is an out of state corporation, such as Defendant here, service on Defendant is valid when it complies with the federal rules, the rules of the state where the district court sits, or the rules of the state where service is made. *See* Fed. R. Civ. P. 4(h), 4(e)(1).  In this case, the district court sits in Idaho, and service was made in Montana.  The federal rules, consistent with those of Idaho and Montana, require that service be performed by someone who is "not a party" to the case.  Fed. R. Civ. P. 4(c)(2); Idaho R. Civ. P. 4(c)(1); Mont. R. Civ. P. 4(D)(1)(a).

Plaintiff here signed a proof of service form,[1] indicating that she personally served Defendant.  *See* Ex. A, *Defendant's Affidavit of Counsel in Support of Motion*, (Docket No. 10).  Under any of the applicable service rules, Plaintiff's service is invalid.  Fed. R. Civ. P. 4(c)(2), Idaho R. Civ. P. 4(c)(1), Mont. R. Civ. P. 4(D)(1)(a).  The Court will therefore grant Defendant's motion to quash service

---

[1] Plaintiff's proof of service form was attached to Defendant's Affidavit (Docket No. 10), but was not filed with the Court as required by Rule 4(*l*)(1).

**Memorandum Decision & Order - 2**

as insufficient.

## B. Service for In Forma Pauperis Plaintiffs

On April 15, 2010, the Court granted Plaintiff's Application to Proceed In Forma Pauperis under 28 U.S.C. § 1915. *Order*, (Docket No. 8). Under Federal Rule of Civil Procedure 4(c)(3), the Court is required to appoint a process server for a plaintiff authorized to proceed in forma pauperis under 28 U.S.C. § 1915. Fed. R. Civ. P. 4(c)(3).[2] The Court may appoint a United States marshal or deputy marshal for this purpose. *Id.*; *see also* 28 U.S.C. § 1915(d); *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472, 483-485 (1995). The Court will therefore direct the United States Marshal Service to serve process for Plaintiff in this matter.

Because Defendant is a corporation, service should be rendered by personally serving a copy of the summons and the complaint on an "officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" for Defendant. Fed. R. Civ. P. 4(h)(1)(B); Idaho R. Civ. P. 4(d)(4)(A); Mont. R. Civ. P. 4(D)(2)(e)(i).

---

[2]The policy for appointing process servers for plaintiffs proceeding in forma pauperis is based on the assumption that plaintiff likely cannot afford to hire a process server if plaintiff cannot pay fees and costs associated with filing suit. *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996)

**Memorandum Decision & Order - 3**

## ORDER

THEREFORE IT IS HEREBY ORDERED that Defendant's Motion (Docket No. 10) to Quash for Insufficient Process is GRANTED.

IT IS FURTHER ORDERED that the United States Marshals Service is appointed as process server for Plaintiff in this matter.  The U.S. Marshal shall serve Defendant by personally serving a copy of the summons and complaint on an officer or managing or general agent of Shoot the Moon, LLC, pursuant to Fed. R. Civ. P. 4(h)(1)(B), Idaho R. Civ. P. 4(d)(4)(A) and Mont. R. Civ. P. 4(D)(2)(e)(I).

DATED:  **June 9, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge